**UNITED STATES of America,**
**Appellee,**

v.

**Said DOULEH, Defendant–Appellant.**

**No. 06–0161–cr.**

United States Court of Appeals,
Second Circuit.

Sept. 7, 2007.

Stephan J. Baczynski, Assistant United States Attorney, of counsel, for Terrance P. Flynn, United States Attorney for the Western District of New York, Buffalo, NY, for Appellee.

Dayna Ferebee, New York, NY, for Defendant–Appellant.

Present: Hon. JON O. NEWMAN, Hon. RALPH K. WINTER, Hon. ROBERT A. KATZMANN, Circuit Judges.

### SUMMARY ORDER

Said Douleh ("Douleh") appeals from a judgment of conviction, entered on January 9, 2006, principally sentencing Douleh to 37 months' imprisonment and $1,500,000 in restitution. We assume the parties' familiarity with the facts, the proceedings below, and the specification of issues on appeal.

We review the district court's sentence for reasonableness. *United States v. Selioutsky*, 409 F.3d 114, 118 (2d Cir.2005). We review the factual findings underlying a district court's sentencing determination for clear error, *United States v. Dupre*, 462 F.3d 131, 144 (2d Cir.2006), and its legal application of the Guidelines *de novo*. *United States v. Gaskin*, 364 F.3d 438, 464 (2d Cir.2004).

Douleh principally contends that his sentence was procedurally unreasonable because the district court erred in calculating the amount of loss attributable to his fraud. Douleh argues that the "victims" of his fraud were the food stamp holders, not the USDA. Application Note 3(F) of § 2B1.1 directly addresses amount of loss calculation for cases involving government benefits and states in relevant part: "In a case involving government benefits (*e.g.*, grants, loans, entitlement program payments), loss shall be considered to be not less than the value of the benefits obtained by unintended recipients or diverted to unintended uses, as the case may be." U.S.S.G. § 2B1.1, Application Note 3(F)(ii); *see also United States v. Bello*,

310 F.3d 56, 63 n. 7 (2d Cir.2002) ("In general, Guidelines commentary must be given controlling weight unless it is plainly erroneous, inconsistent with a directive of Congress, or unconstitutional."). The amount of loss was thus appropriately calculated by the district court as the amount received by Douleh from the USDA less the value of any legitimate food stamp transactions he engaged in with beneficiaries.

Douleh also argues that the district court failed to properly offset "forfeitures made by Douleh, legitimate food sales, and balances that remained after purchases" in arriving at its loss calculation. To the extent the "forfeitures" Douleh refers to are payments that are part of his forfeiture obligation to the USDA, there is no reason to include those payments in any offset. In his plea agreement, Douleh agreed that "forfeiture of the aforementioned assets ... shall not be deemed an alteration of the defendant's sentence." As for the legitimate food sales, those offsets were included by the district court in its loss calculation.

Finally, Douleh argues that the district court was not able to reasonably determine the amount of loss and thus should have utilized an "amount of gain" calculation, an alternative suggested under the Guidelines. See U.S.S.G. § 2B1.1, Application Note 3(B). Any suggestion of uncertainty in making the loss calculation is belied by the sentencing judge's statement that he would have found the amount of loss "beyond a reasonable doubt" if that had been the standard.

Douleh's suggestion that the sentence was substantively unreasonable is also without merit. The district court carefully reviewed the § 3553(a) factors and imposed a sentence that was at the bottom of the Guidelines range. There is nothing in the record to suggest that the sentence was substantively unreasonable.

We have considered all of the defendant's other arguments and find them without merit. Accordingly, for the foregoing reasons, the judgment of the district court is hereby **AFFIRMED.**